**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION**

| | |
|---|---|
| CHASITY R. JOHNSON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CASE NO. 2:20-cv-637 |
| | ) |
| GREAT DANE LLC, | ) |
| | ) |
| Defendant | ) |

***PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF AND REQUEST FOR TRIAL BY JURY***

Comes now Plaintiff Chasity R. Johnson (hereinafter "Johnson"), by counsel, and for her claims against the Defendant Great Dane LLC (hereinafter "Great Dane"), alleges and says:

**I. FACTUAL ALLEGATIONS**

1. Johnson is a resident of Clinton, Vermillion County, Indiana. Johnson worked for Great Dane at its Brazil, Indiana plant from approximately May 2018 until the date of her wrongful termination in mid-June 2020.

2. Johnson is pursuing claims against Great Dane for its violations of her rights under the Family and Medical Leave Act ("FMLA") based upon her need to care for her child who has a serious mental health condition. Johnson's FMLA claims include claims against Great Dane for its violation of her substantive rights (e.g., interference with Davis' right to use FMLA leave) and for Great Dane's discrimination and retaliation against Johnson for her use of her FMLA rights, which is legally protected activity.

3. Johnson did good work and met all of Great Dane's reasonable expectations.

4. Johnson is a single mother. She resides with her adult, teenage daughter and her

1

twelve year old daughter.

5.      In February 2020, Johnson's twelve year old daughter attempted suicide by overdose.  Johnson's daughter was saved after treatment in the local hospital emergency room and was afterward hospitalized at a treatment center called Valley Vista in Greenwood, Indiana.  After approximately one and one-half weeks of hospitalization, Johnson was able to bring her daughter home.  Johnson's daughter is still experiencing significant mental health problems and remains under her treating mental health counselor's care.  Johnson's daughter's depression and suicidal ideations are serious health conditions covered by the FMLA.

6.      In February 2020, Johnson applied for and was approved for FMLA intermittent leave to care for her twelve year old child.  Johnson has help caring for her twelve year old child from her older daughter, but Johnson's twelve year old counselor completed FMLA paperwork and instructed Johnson to care for her twelve year old on days her twelve year old had serious episodes or days her twelve year old's condition was too bad to leave her in the care of her older teenage sister.

7.      Great Dane did approve Johnson's FMLA intermittent leave application.  Johnson believes she used her approved FMLA intermittent leave on 10 to 15 days to care for her twelve year old daughter.  Great Dane utilized some outside service called "PNA" to review and certify Johnson's FMLA application.

8.      Whether legal under the FMLA or not, Great Dane did have several policies it required Johnson to follow when she utilized one of her FMLA intermittent leave days.  Great Dane first required Johnson to call in to its "guard shack" to report any day she would be absent due to use of FMLA intermittent leave.  Great Dane also required Johnson to fill out additional

FMLA paperwork to report her use of FMLA intermittent leave after the fact, even though Johnson had already been approved for FMLA leave.

9. Johnson complied with Great Dane's FMLA policies and called in to Great Dane's "guard shack" to report each FMLA absence and filled out Great Dane's after-the-fact FMLA paperwork each time she returned to work after using FMLA intermittent leave.

10. Separate from FMLA leave, Johnson was one of Great Dane's numerous Brazil, Indiana employees who took voluntary COVID-19 related leave or a layoff. This COVID-19 leave lasted from later March 2020 until Johnson return to work on or about May 18, 2020. Other coworkers took this same COVID-19 related leave and were not eligible for or seeking to use FMLA leave of any kind.

11. In June 2020, Johnson's twelve year old daughter's mental health deteriorated severely and Johnson could not leave her daughter for a period of multiple consecutive days. At this time, Johnson had many (approximately 45 days) remaining intermittent leave days that were already approved so that she could care for her daughter. Johnson followed Great Dane's rules and called her intermittent leave in to Great Dane's "guard shack" on June 2, 8, 9, 10, 11 and 12, 2020. Whether she could be legally required under the FMLA or not, Johnson kept her Great Dane human resources manager informed of her need to care for her daughter and Johnson even completed some type of FMLA paperwork or a second FMLA application to cover a longer, continuous leave period in June 2020 to care for her daughter (rather than continue to consecutively use intermittent leave days already approved under the FMLA). This was not a new FMLA request or a new "FMLA-qualifying reason" for Johnson to take leave. Johnson was using already approved, FMLA qualifying leave to care for her same daughter for the same

reasons related to her daughter's mental health condition.  Moreover, under the FMLA, "All FMLA absences for the same qualifying reason are considered a single leave and employee eligibility as to that reason for leave does not change during the applicable 12-month period." 29 CFR § 825.300(b)(1).

12.     In late June 2020 (believed to be June 26, 2020), Johnson's manager, Ed Withers, told Johnson she had been terminated on June 15, 2020.  Later, Great Dane's human resources manager, Mark Oehlers, wrote to Johnson telling her that she had been terminated after Great Dane assigned her disciplinary points for absenteeism for each of the following days: June 2, 8, 9, 10, 11 and 12, 2020.  Great Dane then claimed it terminated Johnson for violating its "attendance points" policy.  Mr. Oehlers also claimed that Great Dane terminated Johnson because its FMLA service provider, "PNA" had "denied" Johnson's application for "Continuous FMLA."  Johnson was certainly eligible and already deemed eligible to take leave to care for her daughter's serious mental health condition (the FMLA-qualifying reason) and Johnson was entitled to the FMLA leave under the law.

13.     To reiterate, Johnson still had significant available and already-approved FMLA intermittent leave time when she was fired.  The dates in June 2020 that were treated as "attendance point" violations were all dates Johnson was protected in her report and use of FMLA intermittent leave.  Furthermore, Great Dane had no legal or factual basis to deny Johnson FMLA leave on any continuous basis.  Johnson had not come close to exhausting her twelve weeks (480 hours or 60 days) of annual FMLA leave.

14.     At the time Johnson first applied for FMLA leave to care for her minor child's serious mental health condition, Johnson was eligible for FMLA protections based upon her

length of service, hours of work in the preceding year, and based upon Great Dane's number of employees (50 or more) working for it at the Brazil, Indiana plant.

15. All of Great Dane's reasons for terminating Johnson's employment are illegal and violate the FMLA. Johnson has been significantly harmed by Great Dane's discriminatory and retaliatory termination of her employment. Moreover, Great Dane took this action and terminated Johnson in order to interfere with her continuing use of FMLA intermittent leave or use of FMLA continuous leave to protect her employment while caring for her minor child's serious health condition. Johnson is seeking all lost wages and benefits, all liquidated damages, reinstatement or front pay and benefits, payment of all of her reasonable attorney's fees, costs and expenses, plus any equitable relief which would make her whole.

## II.  JURISDICTION AND VENUE

16. Johnson's Complaint raises federal questions of law and this Court has jurisdiction over the subject matter of this complaint pursuant to 28 USC § 1331 and under 29 USC § 2611 et seq.

17. This Court is the appropriate venue for this cause of action as Johnson worked for Great Dane in Brazil, Clay County, Indiana. 28 USC § 1391.

## III.  PARTIES

18. Johnson is a resident of Clinton, Vermillion County, Indiana.

19. Great Dane employed Johnson to work for it at Great Dane's Brazil, Clay County, Indiana manufacturing plant.

## IV.  FAMILY AND MEDICAL LEAVE ACT CLAIMS

20. Johnson incorporates herein by reference paragraphs 1 through 19 above.

21. By way of this Complaint, Johnson asserts that she is a covered and eligible employee under the Family and Medical Leave Act (hereinafter "FMLA"), who worked at least one thousand two hundred and fifty (1,250) hours in the twelve (12) months preceding her February 2020 application for intermittent leave to care for her minor child with a serious mental health condition.  Moreover, Johnson had worked well over one year for Great Dane prior to the time she applied for FMLA leave.

22. Johnson's eligibility for leave under the FMLA stems from her employment at Great Dane's plant in Brazil, Indiana.  Great Dane had and has far more than fifty (50) employees working for it in Brazil, Indiana and/or within a seventy-five (75) mile radius of the Brazil, Indiana location from which Johnson worked at all times relevant (meaning, calendar years 2020 and 2019).  Great Dane was and is an employer under the definition of the FMLA and Johnson was an eligible employee with Great Dane.

23. Johnson was the custodial parent of a minor child who had a serious mental health condition which necessitated Johnson's need for medical leave to care for her child.  Johnson properly applied for (meaning she placed Great Dane on notice) and was granted intermittent FMLA leave to care for her child's serious mental health condition.

24. Great Dane wrongfully and illegally violated Johnson's substantive FMLA rights and interfered with Johnson's right to use her FMLA leave to protect and preserve her employment.

25. Great Dane wrongfully discriminated against and retaliated against Johnson for using the FMLA to care for her minor child while trying to protect and preserve her own employment.

26.     As a direct and proximate result of Great Dane's conduct, Johnson has sustained substantial economic losses, including, but not limited to, career damage and past and future loss of wages and other economic benefits.  By way of this Complaint, for Great Dane's violations of the FMLA, Johnson is seeking all available damages, including, but not limited to, all lost wages and benefits, liquidated damages, reinstatement or front pay and benefits, all of her attorney's fees, costs and expenses, and any other damages necessary to remedy Great Dane's violations of Johnson's rights under the FMLA.

27.     Johnson was wrongfully terminated from her employment with Great Dane while (and for) exercising her right to use her approved FMLA leave and to apply for revised FMLA leave to cover her minor child's same serious mental health condition.  Johnson's exercise of her FMLA rights was the primary factor which improperly motivated Great Dane to terminate her employment.  Said wrongful termination of Johnson's employment is prohibited by 29 U.S.C. § 2615.

## V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Chasity R. Johnson respectfully requests that the Court enter judgment against Defendant Great Dane LLC and issue all available relief to her, including, but not limited to, the following:

1. All damages available under the FMLA,  including all back pay and benefits, all available liquidated damages, reinstatement and/or front pay and benefits, and payment of all reasonable attorney's fees, costs and expenses;
2. Costs;
3. Pre-judgment interest, if available; and

4. Any and all other relief just and proper in the premises.

Respectfully submitted,

HASSLER KONDRAS MILLER LLP

By /s/Robert P. Kondras, Jr.
   Robert P. Kondras, Jr.
   Attorney No. 18038-84
   100 Cherry Street
   Terre Haute, IN 47807
   (812) 232-9691
   (812) 234-2881 Facsimile
   kondras@hkmlawfirm.com

### *REQUEST FOR TRIAL BY JURY*

Comes now Plaintiff Chasity R. Johnson, by counsel, and requests a trial by jury on all issues which may be tried to a jury.

Respectfully submitted,

HASSLER KONDRAS MILLER LLP

By /s/Robert P. Kondras, Jr.
   Robert P. Kondras, Jr.
   Attorney No. 18038-84
   100 Cherry Street
   Terre Haute, IN 47807
   (812) 232-9691
   (812) 234-2881 Facsimile
   kondras@hkmlawfirm.com